■ RAKESH PURI, Appellant, v RENU PURI, Respondent. [622 NYS2d 978] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Lonschein, J.), dated April 2, 1993, as directed him to pay child support to the defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the provision requiring the plaintiff to pay child support is deleted.

In December 1991, approximately eight months after the defendant fled to India with the parties' child, the plaintiff brought this action, *inter alia,* for a divorce and a determination as to custody of the child. After a hearing at which the defendant did not appear the court granted the plaintiff a judgment of divorce. Although it made no determination on the issues of custody and visitation, leaving those issues to the discretion of the Indian courts, the court *sua sponte* ordered the plaintiff to pay the defendant child support for the child in India. The plaintiff appeals, arguing, *inter alia,* that the court improperly ordered him to pay child support when it refused to make a determination on the issue of custody. We agree.

Domestic Relations Law § 240 (1) provides, *inter alia,* that in an action for divorce, "the court must give such direction, between the parties, for the custody and support of any child of the parties, as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties and to the best interests of the child". Because the court deferred to the Indian court on the issue of custody, we conclude that the circumstances of this case and the respective parties and the best interests of the subject child requires that it also do so on the issue of child support. Therefore, it was an improvident exercise of discretion for the court to *sua sponte* order the plaintiff to pay child support to the defendant.

In light of this result, we need not address the plaintiff's remaining contentions. Balletta, J. P., Thompson, Joy and Florio, JJ., concur.